UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICK DECK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-01078-JPH-MJD |
| ) | |
| BOB COURTNEY Mayor, ) | |
| MADISON CITY POLICE DEPARTMENT, ) | |
| SCUDDER Det., ) | |
| CUTSHAW Det., ) | |
| PERKINS Det., ) | |
| MIDGEH Officer, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Rick Deck has sued the City of Madison Police Department, several police officers and detectives, and Madison's mayor. He alleges that they violated a provision of the federal Computer Fraud and Abuse Act by using a fake Facebook profile to message him, which eventually led to his arrest. After screening Mr. Deck's amended complaint, the Court finds that it fails to state a claim. Mr. Deck has **until September 10, 2021**, to show cause why his claims should not be dismissed.

Mr. Deck's motion to proceed *in forma pauperis* is **DENIED as moot** because the filing fee was paid in full on July 19, 2021.

**I.
Screening**

The Court must dismiss any claim that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is

1

immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

### A. The Amended Complaint

Mr. Deck alleges that the Madison County police "accessed [Facebook's] platform without authorization" in violation of 18 U.S.C. § 1030. Dkt. 11 at 2. Specifically, he alleges that the police "posted a fake profile" on Facebook, which violates Facebook's terms of service. *Id.* He states that this allowed the defendants to arrest him on October 9, 2020 in a "sting operation," which has caused him to spend nine months in jail and lose his spouse, his house, his job, and his reputation. *Id.* at 2–3, 10–11. For these damages, he seeks $10 million. *Id.* at 5, 11.

### B. Analysis

A person "who suffers damage or loss by reason of a violation" of 18 U.S.C. § 1030 may bring a civil action against the violator "only if the conduct

involves" one of five factors set out in the statute. 18 U.S.C. § 1030(g). Only one of those factors is relevant to Mr. Deck's allegations: "loss to 1 or more persons during any 1-year period . . . aggregating at least $5,000 in value." 18 U.S.C. § 1030(c)(4)(A)(i)(I). According to the statute,

> [T]he term 'loss' means any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service.

18 U.S.C. § 1030(e)(11).

The plain language of the statute thus includes two types of loss: (1) reasonable costs incurred in an activity like those listed by the statute, and (2) certain harms ("revenue lost, cost incurred or other consequential damages"[1]) incurred "because of interruption of service." *Id.*; *see Brown Jordan Int'l, Inc. v. Carmicle*, 846 F.3d 1167, 1174 (11th Cir. 2017) (following the approach of two other circuits for this interpretation and noting that "no Court of Appeals has interpreted the statute" differently).

Mr. Deck does not allege that there was an "interruption of service," so, to survive screening, his claim must fit within the first definition of "loss"—a "reasonable cost" incurred in an activity like the others listed in the statute. *See* 18 U.S.C. § 1030(e)(11).

Mr. Deck's alleged harms do not resemble the enumerated activities cited by the statute's definition of "reasonable costs." To repeat, the statute defines

---

[1] "[T]he term 'damage' means any impairment to the integrity or availability of data, a program, a system, or information." 18 U.S.C. § 1030(e)(8).

3

"loss" to "mean[] any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense." 18 U.S.C. § 1030(e)(11).  Although this list is "illustrative rather than exhaustive" because of the word "including," *Planned Parenthood of Indiana & Kentucky, Inc. v. Marion Cty. Prosecutor*, No. 20-2407, --- F.4th ----, 2021 WL 3283737, at *1 (7th Cir. Aug. 2, 2021), these examples show that the "term 'loss' . . . relates to costs caused by harm to computer data, programs, systems, or information services," *Van Buren v. United States*, 141 S. Ct. 1648, 1659–60 (2021) (noting that the focus of the statute is "on technological harms—such as the corruption of files—of the type unauthorized users cause to computer systems and data" and that the aim of the statute is to "prevent[] the typical consequences of hacking") (citation omitted).  The statute's "loss" definition thus "clearly limits its focus to harms caused by computer intrusions, not general injuries unrelated to the hacking itself." *Andrews v. Sirius XM Radio Inc.*, 932 F.3d 1253, 1263 (9th Cir. 2019).

      Mr. Deck has not alleged that he incurred expenses in assessing, investigating, or responding to computer impairment caused by a violation of the CFAA or in restoring affected data. *Cf.* 18 U.S.C. § 1030(e)(11).  In fact, his alleged harms do not relate "to the impairment of a computer system" at all. *See* dkt. 11.  Without a harm relating to computer impairment or computer damage, Mr. Deck's allegations cannot constitute a "loss" under the statute. *See, e.g., Instant Tech., LLC v. DeFazio*, 40 F. Supp. 3d 989, 1019 (N.D. Ill.

4

2014), *aff'd*, 793 F.3d 748 (7th Cir. 2015) ("Courts in this district consistently agree . . . that costs not related to computer impairment or computer damages are not compensable under the CFAA.") (citations omitted).

Mr. Deck's complaint thus has not alleged a "loss. . . aggregating at least $5,000 in value," as required by the statute. *See* 18 U.S.C. § 1030(g), (c)(4)(A)(i)(I). As a result, the complaint fails to state a claim, and it must be **dismissed**.

Mr. Deck shall have until **September 10, 2021**, to show cause why his claims should not be dismissed. See *Thomas v. Butts*, 745 F.3d 309, 313 (7th Cir. 2014) (directing district courts to "first fir[e] a warning shot" before dismissing a complaint) (citation omitted). Failure to do so by that deadline will result in dismissal of this action without further notice.

## II.
## Conclusion

For the reasons discussed above, Mr. Deck has until **September 10, 2021**, to show cause why his claims should not be **dismissed**. If he does not do so by that date, his complaint will be dismissed without further warning.

The Court also **DENIES as moot** Mr. Deck's motion to proceed *in forma pauperis* because the full filing fee was paid on July 19, 2021. Dkt. [10]; *see* dkt. 12.

**SO ORDERED.**

Date: 8/6/2021

James Patrick Hanlon
United States District Judge
Southern District of Indiana

5

Distribution:

RICK DECK
JEFFERSON COUNTY JAIL
Jefferson County Jail
317 South Walnut Street
Madison, IN 47250